[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12900

Non-Argument Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

*versus*

RBF TRUST LLC,
a Florida company, et al.,

Defendants,

PAULO FERNANDO DE BASTOS,

Defendant-Appellant,

2                    Opinion of the Court                    23-12900

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61831-AHS

_____

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

The Securities and Exchange Commission's ("SEC") motion to dismiss this appeal for lack of jurisdiction is GRANTED. Paulo Fernando De Bastos appeals from the district court's order denying his motion for deposition via videoconference. The SEC argues that the court's order was not a final order or an appealable interlocutory order because it was a pretrial discovery order not subject to immediate appeal, De Bastos's interest in a remote deposition was merely a preference, and the order was not certified for interlocutory review.

We agree. We lack jurisdiction to review the court's order denying De Bastos a remote deposition because it did not end the litigation on the merits, and it is therefore not final and appealable. *See* 28 U.S.C. § 1291; *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009); *Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp.*, 680 F.2d 743, 745 (11th Cir. 1982). Additionally, the order is not immediately appealable under the collateral order doctrine because De Bastos may raise arguments about the court's denial of his motion to appear remotely for his deposition after a final

23-12900                Opinion of the Court                3

judgment is issued in the case. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985) (stating that the collateral order doctrine is narrow, and its "reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal"). Accordingly, De Bastos's appeal is DISMISSED for lack of jurisdiction.